```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

STEPHEN COX,

       Plaintiff,

v.                         Case No. 8:15-cv-1924-T-33JSS

NATIONAL GENERAL INSURANCE
ONLINE, INC.,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant National General Insurance Online, Inc.'s Motion to Dismiss or Abate Count II, filed in state court on August 3, 2015. (Doc. # 3). National General removed the case to this Court based on the Court's diversity jurisdiction on August 18, 2015, and filed a memorandum in support of the Motion to Dismiss or Abate Count II on August 25, 2015, pursuant to Local Rule 4.02(c), M.D. Fla. (Doc. # 7). Plaintiff Stephen Cox filed a Response in Opposition to the Motion on September 8, 2015. (Doc. # 12). For the reasons that follow, the Court grants the Motion by dismissing Count II of the Complaint without prejudice.

**I.   Background**

On July 19, 2012, non-party Nancy Jernigan and Plaintiff Cox were involved in a car crash in Pinellas County, Florida.

(Doc. # 2 at ¶¶ 6-8).  Cox asserts that Jernigan negligently operated her motor vehicle and that Cox suffered a "serious and permanent injury." (Id. at ¶ 9).  Cox also contends that Jernigan failed to carry adequate bodily injury insurance to compensate Cox for his injuries. (Id. at ¶ 11).  On July 7, 2015, Cox filed an action against National General seeking insurance benefits in Count I and claiming bad-faith in Count II.  As noted, National General removed the action to this Court and seeks the dismissal or abatement of Count II.  For the reasons that follow, the Court dismisses Count II without prejudice.

**II.   Legal Standard**

On a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  However, the Supreme Court explains that:

2

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**III. Analysis**

In Count II, Cox asserts a bad-faith claim against National General for violation of Florida Statute §§ 624.155 and 626.954. (Doc. # 2 at ¶ 17). Under Florida law, a claim for bad-faith does not accrue until there has been a determination of liability and damages in the underlying contract claim. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991). Cox does not dispute that his bad-faith claim is prematurely asserted. Thus, the only issue before the Court is whether the bad-faith claim should be abated or dismissed without prejudice. Landmark Am.

3

Ins. Co. v. Studio Imps., Ltd., Inc., 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011)("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved.").

Courts have not settled on a single course of action for handling unripe bad-faith claims. Compare Lawton-Davis v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *3-4 (M.D. Fla. Nov. 24, 2014)(abating bad-faith claim); Gianassi v. State Farm Mut. Auto. Ins. Co., 60 F. Supp. 3d 1267, 1271, 1273 (M.D. Fla. 2014)(same), with Mann v. Taylor, No. 5:15-cv-7-RS-GRJ, 2015 WL 500803, at *3 (N.D. Fla. Feb. 5, 2015)(dismissing bad-faith claim without prejudice); Duke's Steakhouse, Inc. v. Certain Interested Underwriters at Lloyd's London Subscribing to Policy #'s L10829 & L13105, No. 8:11-cv-1324-T-24EAJ, 2011 WL 4376788, at *2 (M.D. Fla. September 6, 2011)(same).

Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the trial court. As explained in Vanguard Fire & Casualty Company v. Golmon, 955 So. 2d 591, 595 (Fla. 1st DCA 2006), "the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement

4

would be in the interest of judicial economy."

On September 1, 2015, the court in <u>Bele v. 21st Century Centennial Insurance Company</u>, No. 6:15-cv-526-Orl-40GJK, 2015 WL 5155214 (M.D. Fla. Sept. 1, 2015), persuasively remarked:

> [I]n the Court's view, abating a bad-faith claim, even it if may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for UM benefits is not "entitled to relief" on its claim for bad-faith. Fed. R. Civ. P. 8(a)(2). Moreover, depending on the outcome of the UM claim, a plaintiff may never be entitled to relief on his or her bad-faith claim. Thus, it is this Court's position that until a bad-faith claim has a factual basis to support it – *i.e.,* the plaintiff's claim for UM benefits has been resolved in the plaintiff's favor - such claim is prematurely brought.

<u>Id.</u> at *2.

Recognizing the split of authority on this matter, this Court exercises its discretion to dismiss without prejudice the prematurely filed claim for bad-faith. <u>See</u> <u>also</u> <u>Wells v. State Farm Mut. Auto. Ins. Co.</u>, No. 8:13-cv-2355-T-27AEP, 2014 WL 3819436 (M.D. Fla. Mar. 18, 2014)("The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal."); <u>Great Am. Assurance Co. v. Sanchuk,</u>

5

LLC, No. 8:10-cv-2568-T-33AEP, 2012 U.S. Dist. LEXIS 7477, at *7 (M.D. Fla. Jan. 23, 2012)("When premature filing of an action cannot be cured by the passing of time – that is, when the claim is dependent upon the outcome of a separate action – dismissal without prejudice is preferred.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant National General Insurance Online, Inc.'s Motion to Dismiss or Abate Count II (Doc. # 3) is **GRANTED** to the extent that Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of September, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record